David S. Elkins (State Bar # 148077)
Joseph P. Grasser (State Bar # 255156)
SQUIRE PATTON BOGGS (US) LLP
620 Hansen Way
Palo Alto, California 94304
Telephone:     +1 650 856 6500
Facsimile:     +1 650 843 8777

Attorneys for Plaintiffs
ZIPPO MANUFACTURING CO. and ZIPPMARK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIPPO MANUFACTURING CO., a Pennsylvania corporation, and ZIPPMARK, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHTINTHEBOX HOLDING CO., LTD., a Chinese company,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND TRADEMARK INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

For their Complaint against defendant LightInTheBox Holding Co., Ltd. ("LITB" or "Defendant"), plaintiffs Zippo Manufacturing Co. ("ZMC") and ZippMark, Inc. ("ZippMark") (collectively "Plaintiffs" or "Zippo") allege as follows:

**INTRODUCTION**

1.     Based in Bradford, Pennsylvania since its founding over eighty years ago, ZMC is the innovator and manufacturer of the iconic Zippo® flip-top, windproof, liquid fuel lighter. From its status as a staple piece of "equipment" for World War II GIs, to its appearance in over 1,500 motion pictures, stage plays and television shows over the years, the made-in-the-U.S.A. Zippo® windproof lighter is an American icon.

COMPLAINT FOR PATENT INFRINGEMENT
AND TRADEMARK INFRINGEMENT

2. Iconic personal items are often the subject of rampant counterfeiting by those who would rather profit unfairly off the investment and sweat equity of others rather than innovate themselves. The famous Zippo® mark, and the Zippo® windproof lighter's iconic trade dress and lighter mechanism are no different. LITB's infringement of the Zippo® windproof lighter's trade dress and its wholesale disregard of ZippMark's written request to stop – compel Plaintiff to ask the Court to make LITB stop its infringement and to account for the damages that its infringement has caused and is causing.

3. ZMC is the owner by assignment of U.S. Patent no. 6,247,920, entitled "Liquid Fuel Lighter with Fit-Up Rib" ("the '920 patent"). The '920 patent's abstract describes the claimed invention as "[a] refillable pyrophoric lighter having an outer casing with a hinged cover and having an inside unit that is received inside the casing by a frictional fit that is enhanced by at least one transverse rib integrally formed on the outside of the housing of the inside unit." A true and correct copy of the '920 patent is attached as **Exhibit A.**

4. Zippo's wholly owned subsidiary, plaintiff ZippMark, Inc. ("ZippMark"), owns and licenses Zippo's trademark rights in the United States. Among the rights that ZippMark owns are

- U.S. Trademark Registration no. 0317219 for the word mark ZIPPO®, issued September 18, 1934, and U.S. Trademark Registration no. 1188884 for ZIPPO® word + design, issued February 2, 1982 (collectively the "ZIPPO Trademarks"), and
- U.S. Trademark Registration nos. 2,606,241 and 3,819,075, covering the windproof lighters' distinctive three-dimensional shape – its trade dress – and that issued on August 13, 2002 and July 13, 2010, respectively (collectively the "Shape Trademarks") as depicted in the illustrations for those registrations and reproduced below.



| U.S. Trademark Reg. no. 2,606,241 | U.S. Trademark Reg. no. 3,819,075 |

True and correct copies of ZippMark's electronic printouts of the registrations for the ZIPPO Trademarks and the Shape Registrations are attached as **Exhibit B**.

5.    Product shapes and other types of trade dress cannot be registered with the U.S. Patent and Trademark Office ("PTO") absent the existence of "secondary meaning."[1] Registration of the Shape Trademarks is accordingly *prima facie* evidence that each has achieved secondary meaning – no surprise, given the iconic status of the Zippo® windproof lighter and continuous use of the trademarked shape for decades.

6.    Through its websites www.lightinthebox.com and www.miniinthebox.com, LITB sells two types of lighters that infringe Zippo's patent and trademark rights.  Type "A" are, as shown below, out-and-out counterfeits of Zippo's iconic windproof lighter, which look just like real Zippo® windproof lighters and use the ZIPPO Trademarks to confuse purchasers into believing that they are authentic.  As also shown below, Type "B" infringe the Zippo windproof lighters' protected shape.  Both types of lighters impermissibly use transverse fit-up rubs as claimed in the '920 patent.

---

[1] *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 213-216 (2000).

  

*Type A:  counterfeit Zippo® windproof lighter from LITB*    *Type B: LITB shape-infringing lighter*[2]

7. LITB's infringement of the '920 patent robs ZMC of its entitlement to exclude others from making, using, selling, or offering to sell in the U.S., or importing into the U.S., goods with the innovative fit-up rib.  LITB's infringement of Zippo's trademarks lessens the distinctiveness of, and trades on the goodwill in, ZippMark's ZIPPO Trademarks and Shape Trademarks.

8. On learning of LITB's infringing activity, Plaintiffs tried, on an amicable basis, to resolve LITB's unlawful infringement.  Through counsel, Plaintiffs sent LITB a detailed cease-and-desist letter on June 24, 2016.  LITB ignored the letter and its warning, compelling Plaintiffs to bring this action to protect their rights.

### THE PARTIES

9. ZMC is a corporation organized under the laws of Pennsylvania, with a principal place of business located at 33 Barbour Street, Bradford, Pennsylvania 16701.

10. ZippMark is a corporation organized under the laws of Delaware, with a principal place of business located at 1105 North Market Street, Suite 1300, Wilmington, Delaware 19801.

11. Plaintiffs are informed and believe, and therefore allege, that LITB is a Cayman Islands exempt company, with a principal place of business located at Tower 2, Area D, Diantong Square, No. 7 Jiuxianqiao North Road, Chaoyang District, Beijing 100015, People's Republic of

---

[2] Additional examples of infringing lighters sold by LITB can be seen at http://www.miniinthebox.com/personalized-engraved-silver-oil-lighter_p2284537.html?prm=2.5.1.1 (*last accessed on* Dec. 12, 2016); *see also* http://www.lightinthebox.com/personalized-engraved-silver-oil-lighter_p2284537.html?prm=1.5.1.1 (*last accessed on* Dec. 12, 2016).

COMPLAINT FOR PATENT INFRINGEMENT
AND TRADEMARK INFRINGEMENT

SQUIRE PATTON BOGGS (US) LLP
620 Hansen Way
Palo Alto, California 94304

China. LITB is a publicly traded company; its stock trades in the form of American depository receipts ("ADRs") on the New York Stock Exchange. LITB has appointed Law Debenture Corporate Services Inc., 400 Madison Avenue, 4th Floor, New York, NY 10017, as LITB's agent for service of process in the U.S.

## JURISDICTION AND VENUE

12. This is an action for patent infringement under 35 U.S.C. § 271(a), *et seq.*, and for trademark infringement arising under the Lanham Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, and for trademark dilution under 15 U.S.C. § 1125(c).

13. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because LITB has committed acts of patent and trademark infringement in this District. Intra-district venue is proper in any division of the Court pursuant to N.D. Cal. Gen'l Order 44.D.3.

## BACKGROUND

### *The Zippo® Windproof Lighter is an American Icon*



15. Zippo makes the iconic Zippo® windproof lighter. The lighter owes its enduring success to many factors. The flint wheel guarantees a generous spark. The unique, vented "chimney" design ensures that the spark will create a flame, even in the wind. The iconic design, easily refilled reservoir, ubiquitous use by American GIs during World War II, and even the unique sound made by the flip-top latch all contribute to the lighter's continuing popularity.

16. Founded by George Blaisdell in Bradford, Pennsylvania in 1933, Zippo is owned by one of Mr. Blaisdell's direct descendants, continues to be headquartered in Bradford and continues to make all of its flip-top, windproof lighters in the United States.

COMPLAINT FOR PATENT INFRINGEMENT
AND TRADEMARK INFRINGEMENT

1    17.    The Zippo® brand is one of the top-ten well-known brands in the U.S.  The brand has achieved such notoriety in large measure because of the quality, practicality and popularity of its classic flip-top, windproof lighter, which has made it a part of Americana.  Another reason for the brand's notoriety, however, is ZippMark's ceaseless efforts to police and enforce its trademark and trade dress rights.

18.    As a key part of Zippo's and ZippMark's longtime focus on brand protection, over two decades ago ZippMark sought to register its trademark in the three-dimensional shape of the windproof lighter.  As a result, ZippMark obtained registrations from the PTO in Class 34 for cigarette lighters, and in Class 9 for downloadable software electronic devices featuring audio and visual files and graphic designs to simulate a lighter.  Zippo owns trademark registrations for the unique shape of its iconic lighters in many other countries.

***Zippo Owns Extensive Rights in the Shape Trademarks***

19.    ZippMark's exclusive licensee, Zippo, has distributed, advertised and sold in U.S. commerce its windproof lighters and related goods under ZippMark's registered Shape Trademarks.  ZippMark also has common law rights to these marks.

20.    Zippo is the exclusive licensee of the Shape Trademarks (and all of ZippMark's other trademarks).  At all times relevant to this action, Zippo has continuously sold significant numbers of Zippo® lighters and related products bearing the Shape Trademarks throughout the United States.  ZippMark and its related companies have also extensively advertised and promoted the marks and products in the United States and throughout the world.  Products reflecting the Shape Trademarks have been the subject of numerous press and media reports and have appeared in over 1,500 motion pictures and television shows, such as the one below.



*Bruce Willis in* Die Hard

COMPLAINT FOR PATENT INFRINGEMENT
AND TRADEMARK INFRINGEMENT

21. By virtue of continued and extensive domestic and international sales, advertising and promotion, and press coverage, the Shape Trademarks embody goodwill that is extraordinarily valuable to ZippMark.

### *Zippo's Fit-Up Rib Invention*

22. As detailed above, the Zippo® windproof lighter's original attributes – the vented chimney allowing providing a windproof flame, flint wheel providing a generous spark, protective flip-top lid with familiar "click" when opening or closing it – have endured from the 1930s to present. Yet Zippo continues to research innovations to make its lighters better. One such innovation is the fit-up rib invention claimed in the '920 patent. Claim 1 discloses a hinged, flip-top lighter casing and "inside unit" that has

> at least one transverse rib disposed across a majority of the width of at least one of the side walls and integrally formed therein, the inside unit sized such that the transverse rib fits snugly inside the casing so that the inside unit is held in position by a frictional fit yet can be removed from the casing by hand, the transverse rib positioned such that it is near the bottom wall when the inside unit is inserted into the casing.

The '920 patent's Figure 1 at right shows the inside unit within the casing, with the transverse "fit-up" rib on one side of the inside unit depicted with dashed lines as feature 70.



FIG 1

### *LITB Sells Infringing Lighters*

23. Through its www.lightinthebox.com and www.miniinthebox.com websites, LITB sells and has been selling Type A and Type B lighters in the U.S. The Type A lighters are counterfeit and infringe ZippMark's ZIPPO Trademarks and Shape Trademarks. The Type B lighters infringement ZippMark's Shape Trademarks. Type A and B lighters infringe at least claims 1, 2, 3 and 7 of the '920 patent. For the sake of brevity, LITB's Type A and Type B lighters are referred to below as the "Accused Lighters."

24. LITB's unauthorized use of the ZIPPO Trademarks and Shape Trademarks is likely to cause confusion about authorization, association, affiliation or sponsorship of the

1   Accused Lighters by Zippo.  LITB is accordingly trading on – and at the same time diluting –
2   ZippMark's goodwill in its Shape Trademarks.

3                           **FIRST CLAIM FOR RELIEF**

4                  **(Infringement of the '920 Patent - 35 U.S.C. § 271(a))**

5   25.     ZippMark realleges and incorporates by reference paragraphs 1 through 24 above.

6   26.     As alleged above, the Accused Lighters infringe at least claims 1-3 and 7 of the
7   '920 patent, either literally or under the doctrine of equivalents.  Specifically, claim 1 discloses in
8   pertinent part

> at least one transverse rib disposed across a majority of the width of at least one of the side walls and integrally formed therein, the inside unit sized such that the transverse rib fits snugly inside the casing so that the inside unit is held in position by a frictional fit yet can be removed from the casing by hand, the transverse rib positioned such that it is near the bottom wall when the inside unit is inserted into the casing.

Claim 2 depends on "[t]he lighter of claim 1, wherein the transverse rib is disposed substantially parallel to the bottom wall of the casing."  Claim 3 likewise depends on "[t]he lighter of claim 1,



wherein a cross-section along a longitudinal axis of the transverse rib is defined by a curve having a single radius."  Claim 7 also depends on "[t]he lighter of claim 1, wherein the first side wall and the second side wall have a transverse side wall disposed thereon."

27.     The Accused Lighters in fact copy the Zippo® windproof lighter's transverse ribs on each side of their inside units.  Each Accused Lighters' transverse ribs span a majority of the two side walls, near the bottom wall of the casing when the inside unit is inserted.  The transverse ribs extend outwardly just enough so that the inside unit fits snugly in the casing yet may be removed by hand with a gentle tug.  The Accused Lighters thus meet all limitations of claims 1-3 and 7 of the '920 patent, as shown in the above-left photo of the inside unit from a typical Accused Lighter.

SQUIRE PATTON BOGGS (US) LLP
620 Hansen Way
Palo Alto, California 94304

28. LITB has therefore infringed and continues to infringe these claims by selling and offering to sell the Accused Lighters in the U.S., and by importing the Accused Lighters into the U.S.

29. Because the Accused Lighters meet each limitation of claims 1-3 and 7 in the manner alleged above, and because LITB has had actual knowledge of the '920 patent since at least July 1, 2016, LITB's infringement has been willful since at least then, if not before.

30. LITB's infringement of the '920 patent has damaged ZMC by violating its right to exclude others from selling or offering to sell covered lighters in the U.S. and/or importing them into the U.S. ZMC is thus entitled to recover damages from LITB to compensation for its infringement.

31. LITB's Accused Lighters harm ZMC in other ways, too. For example, ZMC provides a lifetime warranty for its genuine windproof lighters. When LITB sells counterfeit Zippo® windproof lighters, however, consumers likely do not know that they are purchasing fakes. If and when such fakes are presented for repair under warranty, customers discover that the warranty does not apply (because it only covers the genuine Zippos®) and, in their disappointment, may blame ZMC or otherwise develop negative feelings about the genuine lighter.

32. As detailed above, LITB's continuing, intentional infringement of the '920 patent irreparably harms ZMC. ZMC will continue to suffer irreparable harm absent entry of a permanent injunction enjoining LITB and all those acting on behalf of or in active concert or participation with any of them, from infringing the '920 patent.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement - 15 U.S.C. § 1114(1)(a))**

33. ZippMark realleges and incorporates by reference paragraphs 1 through 24 above.

34. By making and selling the Accused Lighters, LITB is impermissibly using ZippMark's ZIPPO Trademarks and Shape Trademarks in U.S. commerce. As alleged above, such use is likely to (a) cause confusion or mistake among both actual and potential purchasers, and/or (b) deceive both actual and potential purchasers.

- 9 -   COMPLAINT FOR PATENT INFRINGEMENT
AND TRADEMARK INFRINGEMENT

35. LITB's use of the ZIPPO Trademarks and Shape Trademarks is calculated to trade on ZippMark's goodwill in its Trademarks.

36. LITB is thus liable under 15 U.S.C. § 1114(1)(a) for its past and continuing infringement of the ZIPPO Trademarks and Shape Trademarks.

37. Pursuant to 15 U.S.C. § 1117(a), ZippMark is entitled to recover its actual damages and/or LITB's profits from sales of its lighters – which are unjust and illicit gains – as well as the costs of this action. In the alternative, ZippMark is entitled to recover, at its election any time before judgment is entered, statutory damages for LITB's use of counterfeit marks as provided by 15 U.S.C. § 1117(c).

38. As alleged above, LITB's use of the ZIPPO Trademarks and Shape Trademarks was and is intentional and in bad faith. Its intent to infringe is demonstrated by, among other things,

- the famous nature of both the ZIPPO Trademarks and Shape Trademarks – using both the ZIPPO word trademark and ZIPPO word + design trademark, and choosing the exact shape and proportions of the Zippo® windproof lighter out of all of the different lighters in the world cannot be coincidence;
- LITB's complete disregard for ZippMark's cease-and-desist letter, and
- its continuing unauthorized sale and offers to sell the Shape Trademarks in commerce in connection with LITB's sales of lighters.

39. LITB's intent to infringe – or its reckless disregard whether its products infringe the rights of trademark owners – is also demonstrated by its involvement in a number of other lawsuits alleging trademark infringement, counterfeiting, and copyright infringement. For example, in October 2016 the Eastern District of Illinois entered a preliminary injunction last month in favor of Luxottica and Oakley, Inc. and against LITB with respect to counterfeit Oakley® and RayBan® sunglasses sold on LITB's websites. *Luxottica Group S.p.A. v. Light in the Box Ltd.*, Case No. 16-cv-05314 (N.D. Ill.), D.I. 119 (Oct. 19, 2016). The lawsuit was the second one brought by Oakley against LITB in that court – the first had ended in a settlement agreement that LITB allegedly breached. Among other things, the district court found that "the

history of this lawsuit raises serious questions about [LITB's] ability to police its own website to ensure that it is not selling counterfeit goods." *Id.* at 13-14.

40. LITB's intentional infringement and bad faith justify an award of enhanced damages under 15 U.S.C. § 1117(b) in an amount up to three times actual damages.

41. Because this is an exceptional case under 15 U.S.C. § 1117(a)(3), ZippMark should be awarded its reasonable attorneys' fees.

42. In addition, because ZippMark's remedies under 15 U.S.C. § 1117(a) are not sufficient to fully protect its continuing interest in preserving the ZIPPO Trademarks and Shape Trademarks against future infringements by LITB and those with whom or which it is in active concert, ZippMark is entitled to an injunction against the future use of the Shape Trademarks, or any colorable imitation or confusingly similar variation of the Shape Trademarks, by LITB and those with which it is in active concert. ZippMark is also entitled to an injunction prohibiting any other infringing use by LITB.

## THIRD CLAIM FOR RELIEF

**(False or Misleading Descriptions or Representations of Fact - 15 U.S.C. § 1125(a))**

43. ZippMark realleges and incorporates by reference paragraphs 1 through 24 and 34 through 42 above.

44. By making and selling the Accused Lighters, LITB is impermissibly using ZippMark's ZIPPO Trademarks and Shape Trademarks in U.S. commerce. As alleged above, such use is likely to (a) cause confusion or mistake among both actual and potential purchasers, and/or (b) deceive both actual and potential purchasers, as to the origin, sponsorship, or approval of the lighters sold by LITB and/or LITB's commercial activities.

45. LITB is thus liable under 15 U.S.C. § 1125(a)(1) for its past and continuing false or misleading descriptions or representations of fact.

46. Pursuant to 15 U.S.C. § 1117(a), ZippMark is entitled to recover its actual damages and/or LITB's profits from sales of the Accused Lighters – which are unjust and illicit gains – as well as the costs of this action. In the alternative, ZippMark is entitled to recover, at its

1  election any time before judgment is entered, statutory damages for LITB's use of counterfeit
2  marks as provided by 15 U.S.C. § 1117(c).

3      47.    As alleged above, LITB's use of the ZIPPO Trademarks and Shape Trademarks
4  was and is intentional and in bad faith. LITB's intentional use and bad faith justify an award of
5  enhanced damages under 15 U.S.C. § 1117(b) in an amount up to three times actual damages.

6      48.    Because this is an exceptional case under 15 U.S.C. § 1117(a)(3), ZippMark
7  should be awarded its reasonable attorneys' fees.

8      49.    In addition, because ZippMark's remedies under 15 U.S.C. § 1117(a) are not
9  sufficient to fully protect its continuing interest in preserving the ZIPPO Trademarks and Shape
10 Trademarks against future infringements by LITB and those with whom or which it is in active
11 concert, ZippMark is entitled to an injunction against the future use of the ZIPPO Trademarks and
12 Shape Trademarks, or any colorable imitation or confusingly similar variation of the ZIPPO
13 Trademarks and Shape Trademarks, by LITB and those with which it is in active concert.
14 ZippMark is also entitled to an injunction prohibiting any other infringing use by LITB.

## FOURTH CLAIM FOR RELIEF

### (Dilution of a Famous Mark - 15 U.S.C. § 1125(c))

17     50.    ZippMark realleges and incorporates by reference paragraphs 1 through 22 and 34
18 through 42 above.

19     51.    ZippMark's ZIPPO Trademarks and iconic Shape Trademarks are famous.

20     52.    LITB began using copies or colorable imitations of the ZIPPO Trademarks and
21 Shape Trademarks in commerce and in connection with lighters sold by LITB long after
22 ZippMark's ZIPPO Trademarks and Shape Trademarks had become famous through the uses
23 described above.

24     53.    LITB's use in commerce of the ZIPPO Trademarks and Shape Trademarks in
25 connection with lighters sold by LITB has caused dilution and continues to dilute and/or blur the
26 distinctive qualities of the famous ZIPPO Trademarks and Shape Trademarks.

27     54.    LITB's unlawful conduct has damaged ZippMark, which continues to suffer
28 irreparable harm and monetary damage as a result of LITB's actions.

## PRAYER FOR RELIEF

WHEREFORE, ZMC and ZippMark respectfully request that the Court enter judgment in their favor and against LITB as follows:

*For the First Claim for Relief*

1. Finding that LITB has infringed and is infringing the '920 patent;

2. Permanently enjoining LITB and its affiliates, employees, agents, officers, directors, attorneys, successors, and assigns, and all those acting on behalf of or in active concert or participation with any of them, from infringing the '920 patent;

3. Requiring that LITB render a full and complete accounting to ZMC for LITB's profits, gains, advantages or the value of business opportunities received from its acts of infringement;

4. Requiring that LITB pay ZMC's damages, together with interest and costs as fixed by the court, to compensate ZMC for LITB's infringement of the '920 patent;

5. Enhancing by three-fold the damages that LITB must pay ZMC pursuant to 35 U.S.C. § 284;

6. Finding the case exceptional under 35 U.S.C. § 285 and requiring that LITB pay to ZMC all of its reasonable attorneys' fees and costs and expenses in this action;

*For the Second, Third and Fourth Claims for Relief*

7. That LITB be directed to account for and pay to ZippMark all damages that is suffered as a result of LITB's wrongful conduct described above, including its infringement and dilution of the ZIPPO Trademarks and Shape Trademarks and unfair competition, as well as to account for all gains, profits and advantages derived by such wrongful conduct;

8. That such damages caused by LITB be trebled in accordance with 15 U.S.C. § 1117 because its unfair acts were done intentionally and therefore warrant enhanced damages and/or punitive damages as the Court may find appropriate;

9. For a permanent injunction pursuant to 15 U.S.C. §§ 1116 and 1125(c) restraining LITB, its affiliates, franchises, and subsidiaries, and those in active concert with them from doing, abiding, causing, aiding or abetting any of the following:

      a. Using the ZIPPO Trademarks and/or Shape Trademarks, or any colorable imitation or confusingly similar variation of the Shape Trademarks;

      b. Making any other infringing use of the ZIPPO Trademarks and/or Shape Trademarks; and

      c. Otherwise competing unfairly with Zippo in any manner;

10. That ZippMark be awarded its attorneys' fees and costs under the provisions of 15 U.S.C. § 1117;

11. That ZippMark be awarded prejudgment interest on any judgment amount;

12. That ZippMark be awarded post-judgment interest on the foregoing sums at the maximum rate permitted by law from the date judgment is entered until paid; and

13. That ZippMark be awarded such other and further relief as the court deems equitable, just and appropriate.

## JURY TRIAL DEMANDED

Plaintiffs respectfully demand a jury trial on all issues so triable.

Dated: December 14, 2016

SQUIRE PATTON BOGGS (US) LLP

By: */s/ David S. Elkins*
     David. S. Elkins
     Joseph P. Grasser

Attorneys for Plaintiffs
ZIPPO MANUFACTURING CO. and
ZIPPMARK, INC.

014-3437-5231/2/EUROPE